# United States District Court
## District of Massachusetts

|                                      |   |              |
|--------------------------------------|---|--------------|
| **ADA SOLUTIONS, INC.,**             | ) |              |
| **Plaintiff,**                       | ) |              |
|                                      | ) |              |
| **v.**                               | ) | **Civil No.**|
|                                      | ) | **10-11512-NMG** |
| **ENGINEERED PLASTICS, INC.,**       | ) |              |
| **ACCESS PRODUCTS, INC., WHITE CAP** | ) |              |
| **CONSTRUCTION SUPPLY, INC. and HD** | ) |              |
| **SUPPLY CONSTRUCTION SUPPLY, LTD.,**| ) |              |
| **Defendants.**                      | ) |              |
|                                      | ) |              |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from a patent dispute between plaintiff ADA
Solutions, Inc. ("ADA Solutions") and defendants White Cap
Construction Supply, Inc. ("White Cap"), HD Supply Construction
Supply, Ltd. ("HD Supply"), Engineered Plastics, Inc. ("EPI") and
Access Products, Inc. ("Access") concerning sidewalk tactile
warning systems designed to warn disabled pedestrians of dangers.
Pending before the Court is plaintiff's motion for preliminary
injunction which defendants have opposed.

## I. Legal Analysis

### A. Standard

To obtain a preliminary injunction in a patent case, the
plaintiff bears the burden of demonstrating:

> 1) a substantial likelihood of success on the merits of
> the case, 2) a significant risk of irreparable harm if

the injunction is withheld, 3) a favorable balance of hardships, and 4) a fit (or lack of friction) between the injunction and the public interest.

Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted). While the court must weigh each factor "against the other factors and against the form and magnitude of the relief requested," Hybritech, Inc. v. Abbott Labs., 849 F.2d 1446, 1451 (Fed. Cir. 1988), a preliminary injunction will not issue if the plaintiff fails to demonstrate irreparable harm or a likelihood of success on the merits, Max-Planck-Gesellschaft Zur Förderung Der Wissenschaften E.V. v. Whitehead Inst. for Biomedical Research, 650 F. Supp. 2d 114, 121 (D. Mass. 2009).

## B. Application

Until very recently, courts applied an express presumption of irreparable harm upon finding that a plaintiff was likely to succeed on the merits of its claim. E.g., Optos, Inc. v. Topcon Med. Sys., Inc., 777 F. Supp. 2d 217 (D. Mass. 2011). Following the Supreme Court's decision in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), the Federal Circuit ruled, only a few months ago, that such a presumption no longer applies. Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1149 (Fed. Cir. 2011) ("We take this opportunity to put the question to rest and confirm that eBay jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief."). With the presumption no longer in place, courts must

-2-

weigh the traditional factors bearing upon the irreparable harm analysis. Id. at 1149-55.

Irreparable harm will not result, as a matter of law, if "the non-movant has or will soon cease the allegedly infringing activities, thus making an injunction unnecessary." Polymer Techs., Inc. v. Bridwell, 103 F.3d 970, 974 (Fed. Cir. 1996) (citation omitted); see also Reebok Intern. Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1557-59 (Fed. Cir. 1994). That rule makes good sense: there is no need for a court to order a party to discontinue the manufacture and sale of infringing products it no longer sells or manufactures.

Such is the case here: EPI and Access no longer manufacture, and HD Supply and White Cap no longer distribute, infringing products and, therefore, a finding of irreparable harm is unwarranted as a matter of law. In their affidavits in opposition to plaintiff's motion for preliminary injunction, Kenneth Szekely and John Heffner, the president and vice-president of EPI and Access, attest that EPI and Access stopped selling the allegedly infringing products to distributors in October, 2011, and directed their distributors, including defendant HD Supply Construction Supply, Ltd., to discontinue the sale of such products and to exchange their current inventory for defendants' new, non-infringing line of products. Defendants submit that the invoices upon which plaintiffs rely are from

-3-

stores whose inventory defendants have already replaced. The
plaintiff does not dispute those facts, so the Court will accept
them as true. Aspect Software, Inc. v. Barnett, 787 F. Supp. 2d
118, 121 (D. Mass. 2011).

The plaintiff has failed to satisfy its burden of showing
irreparable harm and, thus, is not entitled to a preliminary
injunction.

### ORDER

In accordance with the foregoing, plaintiff's motion for
preliminary injunction (Docket No. 73) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated December *9* , 2011